FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA   98 JAN -8  AM 10: 22
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TRAVIS LENARD McCLINTON, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 96-N-1545-S |
| GWEN MOSLEY; Warden; ATTORNEY GENERAL FOR THE STATE OF ALABAMA | ) |
| Respondents. | ) |

ENTERED
JAN  8 1998

## MEMORANDUM OPINION

On December 24, 1997 petitioner filed objections to the magistrate judge's report and recommendation. In the objections, petitioner argues that the ineffective assistance of trial counsel claim is not procedurally barred from federal review because he can show cause for his failure to present the claim on direct appeal.

The magistrate judge correctly concluded that, to the extent that petitioner sought to allege as "cause" the ineffective assistance of appellate counsel, the ineffective assistance of appellate counsel cannot constitute cause because petitioner has failed to present this as an independent claim in state court. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986).

In his objections, petitioner appears to argue that the failure to raise the ineffective assistance of trial counsel claim on direct appeal was not the fault of appellate counsel but was instead the fault of trial counsel who failed to file a timely motion for new trial based on ineffective assistance of counsel. This instance of ineffective assistance of trial counsel has not previously been presented in state court as part of petitioner's ineffective assistance of counsel claim and, thus, should not be considered here as a new instance of ineffective assistance of trial counsel, *Footman v.*

17

*Singletary,* 978 F.2d 1207, 1211 (11th Cir. 1992), *overruling in part Brand v. Lewis,* 784 F.2d 1515 (11th Cir. 1986), or as "cause." *See Murray v. Carrier, supra.*

Alternatively, even if the ineffective assistance of trial counsel claim is not procedurally barred from federal review, petitioner has failed to satisfy the *Strickland v. Washington,* 466 U.S. 669 (1984) ineffective assistance of counsel test by establishing prejudice. In petitioner's response to respondents' answer and also in his objections to the magistrate judge's report and recommendation, petitioner alleges that counsel was ineffective for failing to call as a defense witness the woman in the Kmart parking lot who pointed an electric razor laying in the parking lot. In his response, petitioner argues that:

> Had witness been sought and later given testimony, it is a strong possibility exist that she could have given testimony, as such, how the razor came from to be in the parking lot.

(Petitioner's Response, p.8).

In his objections petitioner articulates the prejudice as follows:

> Counsel needed a defense. The sole witness at trial was Travis. However, Travis' testimony was tainted by the admission of a prior conviction for theft. An independent nonpartisan witness was crucial to the defense. The woman in the parking lot at Kmart could have provided material and favorable testimony for Travis.

Petitioner's speculative allegations of prejudice are insufficient to show that but for the attorney's failure to call the woman as a defense witness the result would probably have been different and, thus, that petitioner's defense was prejudiced by counsel's conduct. *Hays v. State of Alabama,* 85 F.3d 1492, 1496, *reh. denied,* (11th Cir. 1996), *cert. denied,* ___ U.S. ___, 117 S.Ct.

1262, 137 L.Ed.2d 341, 65 U.S.L.W. 3630 (1997); *Chadwick v. Green*, 740 F.2d 897, 900 (11th Cir. 1984).

Petitioner's objections are hereby OVERRULED.

A separate Final Judgment consistent with this memorandum opinion will be entered simultaneously herewith.

DONE this the 7th day of January, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

3